# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

RYAN GOODWIN,

    **Plaintiff,**

v.                                CASE NO.:

BLUE DANUBE, LLC d/b/a
LOCKBUSTERS ESCAPE GAME,

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RYAN GOODWIN, by and through undersigned counsel, brings this action against Defendant, Blue Danube LLC, d/b/a Lockbusters Escape Game, and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of 42 U.S.C. § 1981 ("Section 1981").

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Orange County, Florida.

## PARTIES

4. Plaintiff is a resident of Orange County, Florida.

5. Defendant operates an Escape Room Game (entertainment center) in Orlando, in Orange County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. Plaintiff is an employee whose rights to contract for employment, and enjoy the benefits of employment, are protected under Section 1981.

10. Under Section 1981, Defendant is an employer prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendant otherwise enjoy.

11. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's protected rights under Section 1981.

## **FACTS**

12. Plaintiff began working for Defendant as a Game Master in February 2021, and he worked in this capacity until July 2021.

13. Plaintiff performed the duties of his position with Defendant in a satisfactory manner.

14. Defendant's Manager, Gabriel Ballester made racist, sexist and transphobic remarks, and openly discriminated against those in a protected class.

15. Specifically, Mr. Ballester would use racial slurs such as the N-word, make unwanted remarks about an employee's smell and appearance, and repeatedly outed a transgender employee to customers and potential employees during job interviews.

16. In April 2021, Plaintiff complained to Defendant about the discrimination he witnessed and expressed his opposition of the discriminatory treatment by Mr. Ballester.

17. After Plaintiff complained to Defendant about the discrimination, Defendant allowed Mr. Ballester to remain employed and remain in a managerial position.

18. After Plaintiff complained about Mr. Ballester's discrimination and disparate treatment of others, Defendant retaliated against Plaintiff by terminating his employment.

## **COUNT I — 42 U.S.C. § 1981 VIOLATION (RETALIATION)**

19. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 18 of this Complaint, as though fully set forth herein.

20. By making a complaint and opposing the discriminatory treatment, Plaintiff engaged in protected activity under Section 1981.

21. Defendant retaliated against Plaintiff for engaging in protected activity under Section 1981 by terminating his employment.

22. Defendant's actions were willful and done with malice.

23. Defendant's retaliation was based solely on Plaintiff's exercise of his right to resist and oppose unlawful discrimination and harassment, which is protected under Section 1981.

24. As a direct and proximate result of Defendant's willful and reckless retaliation against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

25. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 21st day of February, 2023.

                Respectfully submitted,

                */s/ Brandon J. Hill*
                **BRANDON J. HILL**
                Florida Bar Number: 0037061
                Direct Dial: 813-337-7992
                **WENZEL FENTON CABASSA, P.A.**
                1110 N. Florida Avenue, Suite 300
                Tampa, Florida 33602
                Main Number: 813-224-0431
                Facsimile: 813-229-8712
                Email: bhill@wfclaw.com
                Email: aketelsen@wfclaw.com
                **Attorneys for Plaintiff**